[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12620
Non-Argument Calendar
_____

Agency No. A091-183-341

TREVOR ANTONIO WHITE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(May 6, 2014)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Trevor Antonio White, a native and citizen of Jamaica, petitions this Court for review of a decision of the Board of Immigration Appeals (BIA) denying his motion to reconsider or reopen his removal proceeding. On appeal, White argues that the BIA abused its discretion when it denied his motion to reconsider or reopen on the grounds that he was not prejudiced by his counsel's ineffective assistance in pursuing all available claims for relief. After careful review, we grant White's petition.

I.

In April 2008, the Department of Homeland Security (DHS) charged White as removable pursuant to Immigration and Nationality Act (INA) § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i), because he was convicted in New York state court in 1990 of a qualifying controlled substance offense. White conceded his removability but applied for relief pursuant to former INA § 212(c), which the Immigration Judge (IJ) granted.[1] DHS appealed the IJ's decision to the BIA.

The BIA overturned the IJ's decision to grant White § 212(c) relief. The BIA noted that White had originally been granted automatic lawful permanent resident status as a special agricultural worker (SAW relief) pursuant to INA § 210(a)(2)(B), 8 U.S.C. § 1160(a)(2)(B). This permanent resident status is

---

[1] Congress has eliminated § 212(c) relief, but it remains available to immigrants, like White, "whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." INS v. St. Cyr, 533 U.S. 289, 326, 121 S. Ct. 2271, 2293 (2001).

2

available only to aliens who performed seasonal agricultural services for at least 90 days during the twelve month period ending on May 1, 1986.  See INA § 210(a)(1)(B), 8 U.S.C. § 1160(a)(1)(B).  Because White admitted facts during the hearing before the IJ on INA § 212(c) relief establishing that he was initially ineligible for SAW relief, the BIA found that his permanent resident status was not "lawful," a prerequisite for § 212(c) relief.  The BIA did not order White's immediate removal, instead remanding his case back to the IJ.

On remand, the IJ ordered White to file "any and all applications for relief" by May 16, 2011, which is known as a "call-up date."  White's counsel filed a motion on May 17 to waive the already-passed call-up date because White had retained a criminal attorney hoping to have his conviction set aside.  The IJ denied White's motion because it was untimely and because he had not identified any forms of relief for which he was eligible.  The IJ determined that White had "abandoned any and all forms of relief" and ordered him removed to Jamaica.  White appealed the IJ's decision to the BIA, but the BIA affirmed.

White, through new counsel, moved the BIA to reconsider its decision and reopen his removal proceedings.  White argued that his previous counsel had provided ineffective assistance, focusing primarily on his counsel's failure to meet the call-up filing deadline in the motion.  In addition, White noted that, although his new "counsel ha[d] not had an opportunity to review [White's] record of

3

proceedings" and so was "ill equipped to make all necessary arguments," it "appear[ed] that there might be some issues regarding charges of removability and other legal issues that don't seem to have been addressed during the proceedings." The only such issue White included in his motion argued that the BIA had violated INA § 210(b)(6)(A), 8 U.S.C. § 1160(b)(6)(A), which prohibits reliance on any information provided in a SAW relief application for any purpose other than to make a determination on the application.

The BIA denied White's motion. Regarding the motion to reconsider, the BIA noted that it found no legal or factual defect warranting reconsideration. Regarding the motion to reopen, the BIA noted that White failed to establish that the prior counsel's failure to meet the filing deadline prejudiced him because he did not accompany his motion with any application for relief or otherwise argue that he was entitled to relief.

White now appeals the BIA's order denying his motion. White argues in this appeal that the BIA erred in denying the motion because his counsel provided ineffective assistance by missing the call-up date and therefore failing to preserve several legal arguments supporting White's claims for relief from removal. Only one of these claims is relevant to our resolution of this case: whether the BIA

4

violated the limitations on the use of information provided in applications for SAW relief under INA § 210(b)(6)(A), 8 U.S.C. § 1160(b)(6)(A).[2]

## II.

This Court has recognized that an immigrant has a right to effective assistance of counsel in removal proceedings. Mejia Rodriguez v. Reno, 178 F.3d 1139, 1146 (11th Cir. 1999). An alien may challenge a violation of this right by filing a motion with the BIA to reopen his removal order based on counsel's ineffective assistance. See Dakane v. U.S. Attorney Gen., 399 F.3d 1269, 1272–74 (11th Cir. 2004) (per curiam). We review the denial of a motion to reopen based on ineffective assistance of counsel for abuse of discretion. Abdi v. U.S. Attorney Gen., 430 F.3d 1148, 1149 (11th Cir. 2005) (per curiam), overruled on other grounds by Avila-Santoyo v. U.S. Attorney Gen., 713 F.3d 1357 (11th Cir. 2013) (per curiam). Under this standard, we ask whether the agency exercised its discretion in a way that was arbitrary or capricious. Id.

To establish ineffective assistance of counsel, a petitioner must demonstrate (1) at least substantial compliance with the procedural requirements of Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988), and (2) prejudice. Dakane, 399 F.3d at

---

[2] The government argues that we lack jurisdiction to consider many of White's ineffective assistance of counsel claims because he did not raise the alleged performance deficiencies before the BIA. Whether the INA § 242(d)(1), 8 U.S.C. § 1252(d)(1), exhaustion requirement upon which the government relies applies to claims of ineffective assistance of counsel is an open question in this Circuit. See Rama v. U.S. Attorney Gen., 147 F. App'x 905, 914–15 (11th Cir. 2005) (per curiam). We need not address it here, however, because we base our decision on a performance deficiency that was presented to the BIA.

1274. "Prejudice exists when the performance of counsel is so inadequate that there is a reasonable probability that but for the attorney's error, the outcome of the proceedings would have been different." Id. When counsel fails to file a brief and therefore effectively deprives the alien of the benefit of review, there is a rebuttable presumption of prejudice. Id. at 1275. This is the very situation in which White finds himself—due to his counsel's failure to file a brief in support of his claim of relief by the IJ's filing deadline, his efforts to avoid removal were cut short. As a result, he is entitled to a rebuttable presumption of prejudice.

In denying White's motion to reopen, the BIA failed to recognize and consider the presumption of prejudice to which White is entitled under our precedent. Instead, the BIA merely asserted that White's motion was "not accompanied by any applications for relief" and did not include any arguments in support of relief from removal, and that as a result he could not prove prejudice. But White's motion was accompanied, at least by reference, by an application for relief—the § 212(c) application already in the record of his removal proceeding. White maintained in his motion that he was legally eligible for § 212(c) relief, and that the BIA should not have reversed the IJ's initial grant of § 212(c) relief based on "case law which would have supported [his] argument on the merits of his application for relief under former section 212(c)" that was "never addressed at the immigration court level nor the Board level." The BIA's decision therefore not

6

only fails to acknowledge the applicable presumption of prejudice, but also bases its determination that White was not prejudiced on an erroneous characterization of White's motion.

White's argument that he was, in fact, eligible for § 212(c) relief is persuasive. Although the BIA previously found him ineligible for § 212(c) relief, White argues that the BIA's determination was unlawful under INA § 210(b)(6)(A), 8 U.S.C. § 1160(b)(6)(A). That section precludes the BIA from using any information furnished by SAW relief applicants "for any purpose other than to make a determination on the application."[3] Given the plain language of this statute, there is a strong argument that the BIA's reliance on the false or fraudulent information the government maintains must have been provided in White's SAW relief application is prohibited under the statute. This meets White's obligations to establish a reasonable probability that, had White's counsel filed a brief challenging the legal error, the outcome of the proceeding would have been different.

---

[3] This basis for relief is distinguishable from the argument the BIA had already rejected, and so it is a proper basis for a motion to reconsider or reopen. In the initial DHS appeal from the IJ's order granting § 212(c) relief, White objected to the introduction of confidential medical records in violation of the SAW relief confidentiality provisions. By contrast, his motion to reopen challenges not the propriety of the introduction of the medical records, but instead the propriety of the BIA's reliance on <u>any</u> information supplied in support of his application for SAW relief. The claim therefore does more than merely republish the reasons that failed to convince the tribunal in the first place. <u>See</u> <u>Calle v. U.S. Attorney Gen.</u>, 504 F.3d 1324, 1329 (11th Cir. 2007).

Because the BIA ignored White's strong legal argument that he was eligible for § 212(c) relief and therefore was prejudiced by his counsel's failure to meet the call-up date, we find that the BIA abused its discretion when it denied White's motion. White's petition is GRANTED, and we vacate the BIA's order and remand for further proceedings consistent with this opinion.

**PETITION GRANTED.**